IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NANCY MACKIN,
   *Plaintiff*,

v.

VARIETY WHOLESALERS, INC., et al.,
   *Defendants*.

Civil Action No. ELH-13-03849

**MEMORANDUM**

Nancy Mackin, plaintiff, filed suit in the Circuit Court for Baltimore City against three defendants: (1) Variety Wholesalers, Inc. t/a Rose's Stores, Inc. ("Variety"); (2) Rose's Stores, Inc. ("Rose's"); and (3) Max Sales Group, Inc. t/a Finelife Products ("Max"). ECF 2 (Complaint) at 1. The Complaint raises four state law claims and seeks, *inter alia*, compensatory damages of $450,000. *See id.* at 2-8. Defendants Variety and Rose's filed a Notice of Removal on December 20, 2013, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF 1. Removal was timely, they assert, because Variety was served with process on November 20, 2013. *Id.* ¶¶ 2, 8.[1]

On February 10, 2014, plaintiff filed a "Motion For Leave To File Amended Complaint" (ECF 11, the "Motion"), which one defendant, Max, has opposed (ECF 12, the "Opposition"). For the reasons that follow, I will grant the Motion.

---

[1] Apparently, Max had not been served as of the time of removal. Max subsequently filed an Answer on February 4, 2014 (ECF 9), although it did not file a consent to removal. Neither Variety nor Rose's filed a response to the original Complaint.

**Discussion**

Among other changes found in plaintiff's proposed Amended Complaint (ECF 11-1) is an amendment to the compensatory damages sought in the *ad damnum* clause. Motion ¶ 2. In her Motion, plaintiff avers that she "believes the ad damnum set forth in the original Complaint . . . was excessive and believes it would be appropriate, in the proposed Amended Complaint, to lower the ad damnum clause to $74,900." *Id.*; *see* ECF 11-1 (reflecting revised amount of $74,900). Additionally, plaintiff states that she is "mindful . . . 1) that her injuries did not and do not warrant such a large ad damnum as was set forth in the original Complaint and 2) that[,] by reducing the amount of the ad damnum, the matter in controversy would no longer exceed the sum or value of $75,000.00 exclusive of interest and costs." *Id.* Further, plaintiff indicates that she is "hopeful that . . . this Court might consider remanding the case to the Circuit Court for Baltimore City," and that, if the Court grants the Motion, she intends to file a motion to remand in light of the reduced amount in controversy. *Id.*

In its Opposition, Max characterizes plaintiff's Motion as a "blatant attempt to forum shop." *Id.* at 2. Among other arguments, Max asserts (albeit without citation to authority) that "[d]iversity attached at the time the complaint was filed and is not a moving target." *Id.* Max also observes that plaintiff "had ample opportunity to fairly evaluate her claim before she filed suit," adding: "To now suggest her *ad damnum* was 'excessive' suggests that suit was not filed in good faith." *Id.*

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Plaintiff does not invoke Rule 15(a)(1), which, under certain circumstances, permits amendment "as a matter of course[.]" Rule 15(a)(2), which governs other amendments to the pleadings,

states: "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave." *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Plaintiff advises that defendants have not consented to amendment, "thereby necessitating the filing of this Motion." Motion ¶ 1. Notably, Rule 15(a)(2) provides: "The court should freely give leave [to amend a complaint] when justice so requires."

Because both parties' arguments regarding amendment are interwoven with their claims concerning subject matter jurisdiction, it is helpful to review the relevant jurisdictional standards. Under 28 U.S.C. § 1332(a)(1), the federal district courts have subject matter jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

In order to establish the amount in controversy for purposes of diversity jurisdiction, "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007); *Joy Family Ltd. Partnership v. United Financial Banking Companies, Inc.*, 2013 WL 4647321, at *6 (D. Md. 2013); *see also Dow v. Jones*, 232 F. Supp. 2d 491, 497-98 (D. Md. 2002) ("It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount."). Indeed, "the Supreme Court has held that a plaintiff with a claim potentially exceeding $75,000 'may resort to the expedient of suing for less than the jurisdictional amount, and though [the plaintiff] would justly be entitled to more, the defendant cannot remove.'" *Mary L. Martin, Ltd. v. State Auto Property and Cas. Ins. Co.*,

2013 WL 2181206, at *2 (D. Md. May 17, 2013) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 294).

In general, "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." *Porsche Cars North America, Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)) (further stating that "it is black-letter law that the conditions that create diversity jurisdiction . . . need not survive through the life of the litigation"); *see, e.g.*, *Freeport-McMoRan, Inc.*, 498 U.S. at 428 (Supreme Court has "consistently held that if [diversity] jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events").

Of import here, in the context of actions removed from state court, the amount in controversy for jurisdictional purposes is determined at the time of removal. *See, e.g.*, *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("federal jurisdiction [is] fixed at the time . . . [the] notice of removal is filed"); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289-90); *Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 667-68 (D. Md. 2012) ("If, at [the time of removal], the parties are citizens of different states and the amount in controversy exceeds $75,000, the Court has jurisdiction on the basis of diversity—'regardless of later changes in . . . the amount in controversy.'") (quoting *Porsche Cars North America, Inc.*, 302 F.3d at 255-56); *Vinson v. Bank of America, N.A.*, 2011 WL 1326058, at *2 (D. Md. Apr. 4, 2011) ("[B]ecause the parties are admittedly diverse and the amount in controversy at the time of removal exceeded $75,000, this

Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332."); *Floyd v. Yanonis*, 2009 WL 3231627, at *1 (D. Md. Oct. 5, 2009) (denying motion to remand and observing that "at the time the complaint was filed and at the time of removal, the amount in controversy exceeded the statutory amount").

Numerous courts have concluded that federal courts retain subject matter jurisdiction where a plaintiff amends the complaint after removal so as to place the amount in controversy below the jurisdictional threshold. *See, e.g.*, *Jones v. Compass Bancshares Inc.*, 339 F. App'x 410, 411 (5th Cir. 2009) ("It is well established that the amount in controversy is determined at the time of removal."); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("[a]n amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction" after removal); *Fryer v. ProtoHIT, Inc.*, 2012 WL 3292936, at *2 (D. Utah Aug. 10, 2012) ("'[P]laintiff's later amendment which reduced the amount in controversy does not destroy the Court's jurisdiction.'") (citation omitted); *Sell v. Hertz Corp.*, 2009 WL 2998983, at *1 (D. Utah Sept. 18, 2009) ("[I]t is well settled that once the district court's diversity jurisdiction attaches at the time of removal, a plaintiff may not subsequently divest the court of jurisdiction and force remand to state court by reducing the amount in controversy."); *Bunch v. Wal-Mart Stores, Inc.*, 2009 WL 1076162, at *3 (N.D. Ind. Apr. 20, 2009) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").

In *Gardner v. AMF Bowling Centers, Inc.*, 271 F. Supp. 2d 732, 733 (D. Md. 2003), Judge Blake of this Court summarized the applicable principles:

Diversity jurisdiction is determined as of the date the suit is filed. *See, e.g., Porsche Cars N. Am., Inc.*[, 302 F.3d at 255-56] (holding that "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy") (citations omitted). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co.*[, 303 U.S. at 292]; *see also Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847, 849 (D.S.C. 1999); *Morris v. Naugle*, 722 F. Supp. 1285, 1286-87 (D. Md. 1989). Diversity jurisdiction existed when the action was filed and removed to this court; the plaintiff's amended complaint reducing the damages claimed provides no basis for remanding this case.

Applying these principles, it is apparent that, even if plaintiff is granted leave to amend her complaint to seek damages of $74,900, the amendment would not deprive this Court of subject matter jurisdiction. As such, Max's concerns as to forum-shopping are unfounded, as federal jurisdiction will continue to exist after amendment. Based on plaintiff's representations that the initial amount sought was "excessive" and that "her injuries did not and do not warrant such a large ad damnum as was set forth in the original Complaint," as well as the lack of apparent prejudice to defendants, I will grant the Motion (ECF 11).

**Conclusion**

For the foregoing reasons, plaintiff's Motion is granted. An Order implementing this ruling follows.


Date: March 31, 2014 　　　　　　　　　　　/s/　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Ellen L. Hollander
　　　　　　　　　　　　　　　　　　　　United States District Judge